UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA - LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL DESELLE, et al. | Case No. 6:25-cv-0835 |
| Plaintiffs | |
| v. | |
| | Judge: David C. Joseph |
| LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, | |
| Defendant | Magistrate Judge: David J. Ayo |

### RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (STANDING) AND FAILURE TO STATE A CLAIM

Under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Lafayette City-Parish Consolidated Government ("LCG") asks the Court to dismiss all claims on two bases. *First,* the Court should dismiss the claims brought by Michael DeSelle and Rebecca (Becky) Guidry because they do not own the properties at issue and therefore lack constitutional or prudential standing to pursue the claims they assert in this case.[1] *Second*, the Court should dismiss all claims for failure to state a claim on which relief can be granted because there is no constitutional takings or equal protection violation here.

In resolving Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction, courts are free to consider evidence outside of a plaintiff's complaint to determine its jurisdiction.[2] And in resolving Rule 12(b)(6) motions to dismiss for failure to state a claim, courts consider "the facts alleged in the pleadings, documents . . . incorporated by reference in the pleadings, and matters of

---

[1]  Unlike constitutional standing, "prudential standing does not present a jurisdictional question, but a merits question [as to] who, according to the governing substantive law, is entitled to enforce the right." *Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022). So in this respect, prudential standing "goes only to the validity of the cause of action," and is a Rule 12(b)(6) issue. *Id.*

[2]  *Jackson v. U.S. Dep't of Hous. & Urb. Dev.*, 116 F.3d 477 (5th Cir. 1997) ("[I]t is well-settled that a court may consider outside materials in resolving a motion to dismiss for lack of subject-matter jurisdiction."); *see also Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) ("In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.").

which the judge may take judicial notice."[3] And this Court may—and should—take judicial notice of "matters of public record," such as property records and state-court litigation filings.[4]

Accordingly, LCG attaches the following exhibits in further support of both aspects of this motion, all of which are either incorporated by reference in plaintiffs' complaint (the challenged ordinance itself) or are matters of public record, the accuracy of which cannot reasonably be questioned:[5]

| Ex. | Description |
|---|---|
| A | Lafayette City-Parish Consolidated Government Code of Ordinances, Chapter 73 (Short-Term Rentals), available at https://library.municode.com/la/lafayette_city-parish_consolidated_government/codes/code_of_ordinances (last visited Aug. 25, 2025). |
| B | Lafayette City-Parish Consolidated Government Code of Ordinances, Chapter 89 (Development Code), available at https://library.municode.com/la/lafayette_city-parish_consolidated_government/codes/code_of_ordinances (last visited August 25, 2025), and at https://www.lafayettela.gov/docs/default-source/d-p-documents/ldc/ldc-amended-november-2024.pdf (last visited Aug. 25, 2025). |
| C | May 5, 2022 Cash Deed between Culotta's Creative Designs, LLC and StellaRising, LLC transferring 527 St. Joseph Street (Lafayette Parish Conveyance Records File No. 2022-00018199) |
| D | Lafayette Parish Tax Assessor Property Report for 527 St. Joseph Street, available at https://beacon.schneidercorp.com/Application.aspx?AppID=1262&LayerID=42015&PageTypeID=4&PageID=15414&Q=645356670&KeyValue=6060575# (last visited Aug. 25, 2025) |
| E | Louisiana Secretary of State Business Records for StellaRising, LLC |
| F | April 27, 2022 Recorded Last Will and Testament of John Herman Venable (Lafayette Parish Conveyance Records File No. 2022-00017058) |

---

[3]   *Benfer v. City of Baytown, Tex.*, 120 F.4th 1272, 1278 n.2 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 742 n.3 (5th Cir. 2023)).

[4]   *Krystal One Acquisitions, L.L.C. v. Bank of Am., N.A.*, 805 F. App'x 283, 287 (5th Cir. 2020) ("Because the deeds and the filings from prior lawsuits . . . attached to [the] dismissal motion were public record, the district court was permitted to consider them in deciding the motion to dismiss. Accordingly, to the extent the district court considered the documents, that consideration did not convert the dismissal motion into one for summary judgment."); *see also Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (explaining that "publicly available governmental filings [and a] state-court [litigation] record fall squarely within the ambit of [judicial notice under Rule 201(b)" of the Federal Rules of Evidence).

[5]   *See* Fed. R. Evid. 201(b)(2).

| G | August 11, 2022 Donation Inter Vivos between the Succession of John Herman Venable and EPH320, LLC transferring 102 Steeple Chase Drive (Lafayette Parish Conveyance Records File No. 2022-00032318) |
|---|---|
| H | Lafayette Parish Tax Assessor Property Report for 102 Steeple Chase Drive, available at https://beacon.schneidercorp.com/Application.aspx?AppID=1262&LayerID=42015&PageTypeID=4&PageID=15414&Q=520579254&KeyValue=6072994 (last visited Aug. 25, 2025) |
| I | Louisiana Secretary of State Business Records for EPH320, LLC |

And for all the reasons explained more fully in the accompanying memorandum, the Court should grant this motion and dismiss all claims against LCG.

Respectfully submitted,

s/ Chloé M. Chetta
Judy Y. Barrasso, 2814
Chloé M. Chetta, 37070
Lance W. Waters, 37351
Lorcan L. Connick, 38168
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, LA 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701
jbarrasso@barrassousdin.com
cchetta@barrassousdin.com
lwaters@barrassousdin.com
lconnick@barrassousdin.com

*Attorneys for Defendant Lafayette City-Parish Consolidated Government*