**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **MICHELLE DESELLE, ET AL** | **CIVIL DOCKET NO. 6:25-cv-00835** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT** | **MAGISTRATE JUDGE DAVID J. AYO** |

## JUDGMENT

This matter was referred to United States Magistrate Judge David J. Ayo for report and recommendation in accordance with this Court's standing order. After an independent review of the record and after consideration of the objections filed by Plaintiffs [Doc. 36] and the response filed by the Defendant [Doc. 37], the Court concludes that the REPORT AND RECOMMENDATION ("R&R") [Doc. 35] is substantially correct and adopts the findings and conclusions therein as its own, as modified in this Order.

The Fifth Circuit has repeatedly affirmed that once a court determines that at least one plaintiff has standing, it need not consider whether the remaining plaintiffs have standing to maintain the suit. "[W]hen there are multiple plaintiffs, one plaintiff with standing satisfies the Article III case or controversy requirement." *Louisiana v. United States Department of Energy*, 90 F.4th 461 (2024). Accordingly, the findings and conclusions of the R&R are modified to find Article III standing as to all Plaintiffs and to dismiss the claims of Plaintiffs Michael DeSelle ("DeSelle") and Rebecca Guidry ("Guidry") with prejudice pursuant to Rule 12(b)(6).

Dismissal with prejudice is appropriate for two reasons. First, as the R&R correctly finds, "Louisiana courts have unanimously interpreted [La. Rev. Stat. § 12:1329] to bar an individual member of a limited liability company from pursuing an action for damages to property of the limited liability company." Because the claims of DeSelle and Guidry stem from their respective membership interests in two limited liability companies, no relief can be granted on that basis. Second, even if they could assert the claims of their respective companies, their claims would fail on the merits for the same reasons as those of their companies. [*See* Doc. 35, pp. 5-15].

Given the tenor of the briefing in this matter, the Court also finds it appropriate to include in this Order a firm rejection of Plaintiffs' unseemly claims that the Magistrate Judge's well-supported ruling was "riddled with errors" and "flawed from start to finish." [Doc. 36, pp. 1, 20]. Quite the opposite, the R&R comports with longstanding Supreme Court precedent holding that local land-use regulation is primarily the responsibility of the people and their elected representatives, not federal judges. Courts are to afford substantial deference to legislative judgments in this area.

As the Supreme Court explained nearly a century ago, when a claimant makes even "fairly debatable" allegations that a local land use determination is "unreasonable, arbitrary or [an] unequal exercise of power," a court is not to "substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question." *Zahn v. Board of Public Works*, 274 U.S. 325 (1927). And certainly since the internet-based platforms of Airbnb and

VRBO have gained prominence, there has been a robust debate throughout the nation about the desirability of allowing short-term rental enterprises in residential neighborhoods. That debate and the local policy determination of the Lafayette City-Parish government underlie the local ordinance that Plaintiffs challenge.

This is how it should be. Fundamental principles of federalism dictate that such policy judgments should normally be resolved at the local level through the democratic process, not by converting these disputes into constitutional litigation decided by federal judges.

Accordingly,

IT IS HEREBY ORDERED that Defendant Lafayette City-Parish Consolidated Government's RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [Doc. 20] is GRANTED and this matter is DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 12th day of March 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE